UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SCOTTY LEE VAN HAWK,<br><br>Plaintiff,<br><br>v.<br><br>KOSCIUSKO COUNTY, et al.,<br><br>Defendants. | Case No. 3:26-CV-1510-CCB-SJF |

# OPINION AND ORDER

Scotty Lee Van Hawk, proceeding *pro se*, filed a complaint alongside a motion to proceed *in forma pauperis* and a motion for a preliminary injunction. (ECF 1, 2, 3). He names as defendants Kosciusko Circuit Court Judges Reed and Buehler, the Kosciusko County Clerk, the Kosciusko County Prosecutor, the Kosciusko Circuit Court, and Kosciusko County. The complaint arises from state court proceedings on October 15 and 16, 2026, which involved a criminal initial hearing on a probation violation under Cause No. 43C01-2303-F5-214 and a civil Post-Conviction Relief (PCR) petition under Cause No. 43C01-2501-PC-000003.[1]

Van Hawk alleges that during the October 15 criminal hearing, Judge Reed conducted a summary hearing on the PCR petition without prior notice or service of the PCR documents. Van Hawk, who is deaf, alleges that the court failed to provide Communication Access Real-Time Translation (CART) accommodations, leaving him

---

[1] The Court takes judicial notice of the public state court dockets in Van Hawk's underlying post-conviction relief and probation-violation actions. *See Daniel v. Cook Cnty.*, 833 F.3d 728, 742 (7th Cir. 2016).

unable to hear the proceedings, and that Judge Reed refused to acknowledge his written statement. Judge Reed subsequently entered orders denying all pending motions and the PCR petition, requiring Van Hawk to pay for the October 15 hearing recordings, and directing the Clerk not to accept future filings without leave. According to Van Hawk, the Clerk enforced both Judge Reed's filing restriction and an earlier direction from Judge Buehler barring email filings. He also asserts that Judge Reed has a conflict of interest arising from a past real-estate transaction.

Van Hawk brings claims under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 (Count I), and 42 U.S.C. § 1983 for denial of court access and due process (Count II). He asks this Court to declare the October 15 and 16 state court orders and filing bar void, mandate CART services and the acceptance of all filings, order the production of the October 15 recordings at public expense, stay his state probation-violation proceedings, require proper service of state notices, and award monetary damages. (ECF 1 at 2).

When assessing an *in forma pauperis* motion, the Court must determine whether the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The Court has "ample authority to dismiss frivolous or transparently defective suits spontaneously." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Although the Court construes a *pro se* complaint liberally, Van Hawk remains bound by the applicable rules of procedure, including Fed. R. Civ. P. 8(a)(2), which requires that complaints contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). The complaint must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It must also contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

This Court lacks subject-matter jurisdiction over Van Hawk's requests to review, void, or alter the state court's orders in his finalized PCR proceeding. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction over claims seeking review of state-court judgments or claims "inextricably intertwined" with them. *See Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021). A claim is inextricably intertwined if the district court "is in essence being called upon to review the state court decision," including procedural and accommodation rulings leading to the final order. *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482–84 n.16 (1983); *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742–43 (7th Cir. 2016). Van Hawk asks this Court to void the October 15 and 16 orders and filing bar and to reverse the order requiring him to pay for the October 15 recordings. Granting that relief based on an alleged denial of due process or failure to provide CART accommodations would require this Court to review and set aside the state court's finalized PCR orders. Accordingly, the Court lacks subject-matter jurisdiction over Counts I and II to the extent they seek to vacate or modify the state court's finalized PCR orders, filing restrictions, or recording fees. *See* Fed. R. Civ. P. 12(h)(3).

The *Younger* abstention doctrine likewise bars Van Hawk's requests for prospective injunctive relief targeting his ongoing state probation-violation proceeding. Under *Younger v. Harris*, 401 U.S. 37 (1971), "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger*, 401 U.S. 37); *Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018) (State probation-violation hearings are ongoing criminal proceedings for *Younger* purposes). Van Hawk asks this Court to stay the probation-violation prosecution, mandate CART accommodations, compel the Clerk to accept all filings, and direct how the state court serves notices. Halting the probation revocation and supervising the state court's docket and hearing procedures would "intru[de] into ongoing state criminal proceedings." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). The Court therefore abstains from exercising jurisdiction over Counts I and II to the extent they seek prospective injunctive and declaratory relief interfering with Van Hawk's ongoing probation-violation proceedings.

Turning to monetary damages, the complaint fails to state a claim against the Kosciusko Circuit Court and Kosciusko County under Counts I and II, or against the individual defendants under Count I. First, capacity to be sued is governed by state law, Fed. R. Civ. P. 17(b)(3), and the Kosciusko Circuit Court is not a suable entity under Indiana law. *See* Ind. Code § 36-1-2-10; *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (only entities listed in Ind. Code § 36-1-2-10 have the capacity to sue or be sued). Second, merely naming Kosciusko County in the caption, without alleging

independent wrongdoing, states no claim against it. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Nor can the County be held vicariously liable under § 1983 or Title II of the ADA for the conduct of state court personnel. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *see also Orozco v. Dart*, 64 F.4th 806, 823 (7th Cir. 2023); *Karen D. v. Bd. of Educ. of City of Chi.*, No. 24-CV-12282, 2026 WL 893349, at *12 n.11 (N.D. Ill. Mar. 31, 2026) (no vicarious liability under Title II of the ADA). Finally, Title II of the ADA applies only to public entities and does not authorize suits against individuals in their personal capacities. *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015). Thus, Van Hawk fails to state a claim upon which relief may be granted against the Kosciusko Circuit Court and Kosciusko County on all counts, and against Judges Reed and Buehler, the Clerk and the Prosecutor under Count I. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Van Hawk's remaining § 1983 damages claims under Count II against Judges Reed and Buehler and the Clerk are barred by absolute judicial and quasi-judicial immunity. First, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Conducting the October 15 hearing, ruling on motions and accommodations, requiring payment for recordings, and restricting email or future filings without leave are judicial acts. Van Hawk's tangential allegation regarding a past real-estate transaction does not strip Judge Reed of immunity, nor does the complaint allege facts showing that either judge acted without jurisdiction. *See John v. Barron*, 897 F.2d 1387, 1391–92 (7th Cir. 1990). Second, court clerks enjoy absolute quasi-judicial immunity

when performing administrative acts at a judge's direction. *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992); *Snyder v. Nolen*, 380 F.3d 279, 286–87 (7th Cir. 2004). Here, the Clerk merely implemented Judge Reed's and Judge Buehler's filing restrictions. Accordingly, Van Hawk's § 1983 damages claims against Judges Reed and Buehler and the Clerk seek monetary relief against immune defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Van Hawk's § 1983 damages claim against the Prosecutor likewise fails because he is immune from suit and the complaint otherwise states no plausible claim against him. *See Olson v. Champaign Cnty.*, 784 F.3d 1093, 1095 (7th Cir. 2015). "A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012). Van Hawk alleges only that the Prosecutor "appeared and participated" at the October 15 hearing—conduct that falls squarely within his prosecutorial duties and states no plausible constitutional claim. Thus, Van Hawk's § 1983 damages claim against the Prosecutor seeks monetary relief against an immune defendant and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

Van Hawk also moves for a preliminary injunction asking this Court to mandate CART at all future proceedings, compel the Clerk to accept all filings, order production of the October 15 recordings at public expense, and stay all probation-violation proceedings. To obtain a preliminary injunction, a plaintiff must establish (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm absent injunctive relief. *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012), *cert. denied*, 569 U.S. 1004

(2013). For the reasons discussed above, Van Hawk cannot show a likelihood of success on the merits. Thus, the motion is denied.

Although a court should afford a *pro se* litigant an opportunity to cure defective pleadings, leave to amend is unnecessary where the defects are incurable and any amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). Amendment is futile as to nearly all of Van Hawk's claims because no additional facts can cure the jurisdictional, abstention, capacity, statutory, and immunity defects identified above. The only claim for which amendment is not categorically precluded is a damages claim under § 1983 or the ADA against Kosciusko County, and only if Van Hawk can plausibly allege that the County itself maintained an official policy or custom or controlled a county program that violated his rights. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694–95 (1978). The Court therefore grants Van Hawk limited leave to amend solely as to a plausible damages claim against Kosciusko County, if he can do so consistent with Fed. R. Civ. P. 11.

Finally, the Court takes judicial notice of Van Hawk's litigation history in this District. Aside from his three active cases, Van Hawk has filed 12 prior lawsuits here over the past four years, including actions raising similar accommodation claims against similar defendants. Seven of those prior cases were eventually dismissed after failing screening under 28 U.S.C. § 1915(e)(2)(B). "Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources." *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). Van Hawk

is **WARNED** that the Court has noticed his continued pattern of filing complaints that are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant. If this pattern continues, the Court may impose sanctions, including dismissal with prejudice or filing restrictions.

For the reasons stated above, the Court:

(1) **DENIES WITHOUT PREJUDICE** Van Hawk's first *in forma pauperis* motion (ECF 2);

(2) **DENIES** Van Hawk's motion for a preliminary injunction (ECF 3);

(3) **GRANTS** Van Hawk leave until **November 30, 2026**, to (a) file an amended complaint that complies with this Opinion and Order and the applicable federal rules, and (b) either pay the filing fee or refile a motion to proceed *in forma pauperis*; and

(4) **CAUTIONS** Van Hawk that if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii) and for lack of jurisdiction without further notice because the current complaint does not establish subject-matter jurisdiction or state a claim upon which relief may be granted.

SO ORDERED on October 26, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT